Sol N. Kosofsky, Plaintiff, *v.* Champion Trucking Co., Inc., Defendant.

City Court of New York, Trial Term, New York County, May 28, 1943.

*Norman A. Howard* for plaintiff.

*Herbert A. Lien* for defendant.

Parella, J. This is an action tried without a jury, to recover overtime compensation and an additional equal amount as liquidated damages, together with reasonable attorney's fees, pursuant to subdivision (b) of section 16 of the Fair Labor Standards Act of 1938 [U. S. Code, tit. 29, § 216, subd. (b), approved June 25, 1938, eff. Oct. 24, 1938].

It is the claim of plaintiff that between October 24, 1938, and August 15, 1941, the defendant employed him to perform the following duties, all of which are an essential part of the production and transportation of goods, wares and merchandise in interstate commerce:

(a) Pick up goods from sources in New York City for hand delivery to defendant's customers or defendant's place of business;

(b) Deliver goods from defendant's place of business to wholesalers and retailers within the city of New York;

(c) Sort merchandise at defendant's place of business, and

(d) Assist in loading and unloading defendant's trucks.

Plaintiff further claims that during said period defendant employed him for approximately sixty hours each week and failed to compensate him for overtime in accordance with section 7 of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 207).

Defendant admits that plaintiff was employed by it as a truck loader and truck driver's helper and as such performed other duties incidental to the operation of defendant's motor vehicles in interstate commerce, as a result of which defendant is exempt from the provisions of the Fair Labor Standards Act of 1938 as claimed by plaintiff, pursuant to subdivision (b) of section 13 [U. S. Code, tit. 29, § 213, subd. (b)], which provides: " The provisions of section 7 shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935 ".

Defendant further claims plaintiff was fully paid for whatever services he rendered on behalf of defendant in the capacity as claimed by defendant.

In addition to the claim of the plaintiff as to his duties, plaintiff testified that he performed certain duties as a helper and loader on the motor vehicles of defendant and the only kind of helping done by him was the stacking of small cardboard boxes, cartons and racks filled with loose-hanging merchandise, and that the only helping done by him was in helping to take these boxes, cartons and racks from the trucks and delivering them to the addressees, depots or consignees; that such service occupied a small part of his time during the period claimed herein. This the defendant contradicted by its testimony and adduced proof that plaintiff devoted a substantial part of his time to such duties.

There is no issue in this case on the question of whether the plaintiff was an employee of one engaged in the trucking business as a common or contract carrier in the production of goods for interstate commerce, so as to make him subject to the Fair Labor Standards Act, since defendant specifically admits that plaintiff's duties were an essential part of transportation of goods in interstate commerce. Nor is there any question that the plaintiff did not drive or perform any mechanical work on defendant's trucks, as drivers of vehicles come squarely within the jurisdiction of the Interstate Commerce Commission. The particular issue in the case is whether, despite the interstate character of plaintiff's duties he is entitled to the benefits of the Fair Labor Standards Act, or is exempt from its coverage by a specific exemption applying to employees over whom the Interstate Commerce Commission has jurisdiction.

A reading of paragraphs (1) and (2) of subdivision (a) of section 204 of the Motor Carrier Act, 1935 [now known as part II of the Interstate Commerce Act; U. S. Code, tit. 49, § 304, subd. (a), pars. (1), (2)] definitely places upon the Interstate Commerce Commission the duty to regulate common and contract carriers by motor vehicles and to that end authorizes the Commission to " establish reasonable requirements with respect to * * * qualifications and maximum hours of service of employees, and safety of operation and equipment." In defining the limit of the jurisdiction of the Interstate Commerce Commission under said section, the United States Supreme Court stated that the Commission's jurisdiction " is limited to those employees whose activities affect the safety of operation." (*United States* v. *American Trucking Assn.*, 310 U. S. 534, 553.) Such conclusion was a confirmation of the Commission's own determination of the limit of its jurisdiction as enunciated in *Ex Parte No. MC-28* (13 Motor Carrier Cases [Interstate Commerce Commission Reports] 481), where it held that paragraphs (1) and (2) of subdivision (a) of section 204 were not sufficiently broad to cover all employees of common and contract carriers, but applied only to those employees who perform duties which affect the safety of operation. Such determination would clearly indicate that employees of motor carriers whose duties do not affect the safety of operation, are engaged in pursuits within the scope of the Fair Labor Standards Act of 1938, and does not apply to those persons over whom the Interstate Commerce Commission has the " power " to fix qualifications and hours pursuant to the Motor Carrier Act, 1935. What that power is has been fixed by the United

States Supreme Court. (*United States* v. *Amer. Trucking Assn.,* *supra.*)

It is my opinion that had plaintiff's duties been only as he claimed and testified to, he would be entitled to the benefits of the Fair Labor Standards Act. However, it seems to me that the fair preponderance of the evidence clearly shows that plaintiff was an experienced driver's helper and loader, who devoted a substantial part of his time to the exercise of such duties and to activities which affected safety of operation of defendant's motor vehicles. By " substantial " is not meant a majority of the time. (See *Ex Parte MC-2,* 28 Motor Carrier Cases [Interstate Commerce Commission Reports] 125.)

The Commission itself is not yet united as to the real meaning of the word " substantial ", that it used in rendering its own decision.

Under the circumstances, a " substantial " part of one's time constitutes such time as to make one subject to the Interstate Commerce Commission's power to regulate and, therefore, exempt under clause (1) of subdivision (b) of section 13 of the Fair Labor Standards Act.

By reason of the foregoing, I find judgment in favor of the defendant against the plaintiff herein.

All motions where decision was reserved and not otherwise disposed of are hereby denied.

Ten days' stay of execution of judgment.

Thirty days to make and serve a case.

Submit findings of fact and conclusions of law.